NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
HARRY A. RICHARDSON, *pro se*,           :
                                         :
    Appellant,                           :     Civ. No. 05-1190 (GEB)
                                         :
v.                                       :     **MEMORANDUM OPINION**
                                         :
TREACY, SHAFFEL, MOORE, &                :
MUELLER, *et al.*,                       :
                                         :
    Appellees.                           :
_____:

**BROWN, District Judge**

    This matter comes before the Court upon *pro se* appellant Harry A. Richardson's ("Appellant") motion for reconsideration of this Court's May 24, 2005 Order dismissing Appellant's appeal with prejudice. The Court, having considered the parties' submissions and decided the motion without oral argument pursuant to FED. R. CIV. P. 78, and for the reasons set forth in this Memorandum Opinion, will deny Appellant's motion.

**I.    BACKGROUND**

    In the underlying bankruptcy proceeding, <u>In re Richardson Industrial Contractors, Inc.</u>, the estate trustee moved for the entry of an order approving a settlement agreement with St. Paul/Seaboard Surety Company and Moniaros Contracting Corporation on September 14, 2004. <u>See</u> Docket for Bankruptcy Petition No. 03-26318-KCF ("Docket"), entry [96]. After receiving an objection from Appellant, United States Bankruptcy Judge Ferguson held a hearing on November 1, 2004, granted the motion for the entry of an order approving settlement, and

1

requested the submission of a proposed order.

On December 2, 2004, the estate trustee forwarded by electronic mail a proposed form of order approving the settlement agreement to Judge Ferguson.  See Certification of Deirdre Woulfe Pacheco ("Cert."), Exhibit B.  The estate trustee also forwarded the proposed form of order by regular mail to Appellant; Appellant claims, however, that he never received this correspondence.  See infra note 1.  Between December 2, 2004 and January 5, 2005, the Bankruptcy Court received no formal objections to the proposed form of order.  See Cert., at 2.  Accordingly, Judge Ferguson entered an order on January 5, 2005, approving the settlement agreement.  See Docket, entry [127].  The final order repeated verbatim the language in the proposed order.  See Cert., Exhibits A, B.

Appellant filed a notice of appeal from this final order on January 20, 2005.  See Docket, entry [134].  On April 11, 2005, appellees Deanne Arnone and Salvatore Arnone moved to dismiss Appellant's appeal as untimely.  This Court granted the motion and dismissed the appeal on May 24, 2005.  The Court found that Appellant failed to file his notice of appeal from the January 5, 2005 Bankruptcy Court order within the ten (10) days prescribed by FED. R. BANKR. P. 8002(a).  See Richardson v. Treacy, Shaffel, Moore & Mueller, et al., No. 05-1190 (GEB) (D.N.J. May 24, 2005) (order dismissing appeal), at 2.  Appellant filed the instant motion for reconsideration of the order of dismissal on June 6, 2005.  Appellant also seeks a stay pending appeal.

**II.     DISCUSSION**

In the District of New Jersey, Local Rule 7.1(i) governs motions for reconsideration.  The movant has the burden of demonstrating either: (1) an intervening change in the controlling law;

2

(2) the availability of new evidence that was not available when the court [issued its previous order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  The standard for reconsideration is high and relief under the rule is to be granted "very sparingly." See Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 613 (citation omitted).  The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  See Bowers, 130 F. Supp. 2d at 613; see also L. Civ. R. 7.1(i). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp. 2d at 612 (citation omitted).

Appellant had ten (10) days to file his notice of appeal from the final order approving settlement entered on January 5.  See Fed. R. Bankr. P. 8002(a).  Appellant did not file his notice of appeal until January 20.  Further, Appellant did not make a timely request for an extension of time to file the notice of appeal.  See Fed. R. Bankr. P. 8002(c)(2); see also Fed. R. Bankr. P. 9006(a).  The failure to file a timely notice of appeal, or to request an extension with which to file the notice of appeal, results in a jurisdictional bar which prevents this Court from considering said appeal.  See In re Rashid, 210 F.3d 201, 204 (3d Cir. 2000) (holding that time limits for filing a notice of appeal are mandatory and jurisdictional); see also Shareholders v. Sound Radio, Inc., 109 F.3d 873, 879 (3d Cir. 1997) (holding that "[t]he failure to file a timely notice of appeal creates a jurisdictional defect barring appellate review"). Therefore, absent some exception, this Court lacked jurisdiction to hear the appeal.

Appellant argues that his appeal should be considered timely because the "5-day rule"

3

precluded the Bankruptcy Court from entering the order on the docket until January 11, 2005. See D.N.J. Local Bankr. R. 9072-1(d). Calculating the time requirements from January 11, Appellant contends that the January 20, 2005 notice of appeal was timely filed. This argument ignores the plain language of Local Bankruptcy Rule 9072-1 and cannot succeed. The "5-day rule" states that when "the ruling on a motion or application differs from that reflected in any proposed orders which have been submitted, the prevailing party shall file and serve a revised form of order within 5 days of the Court's decision." D.N.J. Local Bankr. R. 9072-1(c). Any party shall then have five days to file an objection to a revised form of order only if the party does not consent to a prevailing party's revisions. See D.N.J. Local Bankr. R. 9072-1(d). Thus, the "5-day rule" only applies to forms of orders that deviate from a proposed order's original language. Here, as discussed above, the order entered did not deviate at all from the proposed order's language. Therefore, the "5-day rule" does not apply and the appeal cannot be considered timely.

Further, Appellant raised substantive objections to the settlement agreement at the November 1, 2004 hearing. Despite Appellant's objections to the agreement, Judge Ferguson granted the motion for entry of an order approving the settlement and requested the submission of a proposed order. The Bankruptcy Court received a proposed order on December 2, 2004 and signed and docketed the order without modification on January 5, 2005.[1] Because Appellant did

---

[1] Appellant argues that "he obviously never received" the December 2, 2004 proposed form of order. Certification of Richardson, ¶ 5. He states that he never saw a copy of the proposed form of order until the estate trustee sent a letter on January 4, 2005, reminding Judge Ferguson of the pending order. Because this was Appellant's first exposure to the proposed order, he argues that the "5-day rule" gave him until January 11, 2005 to object. As discussed above, however, Appellant raised his objections to the settlement at the November 1, 2004 hearing. He knew that Judge Ferguson granted the motion and requested the submission of a

4

not file the notice of appeal until January 20, 2005, the appeal was untimely and dismissal was required.

  Appellant also asks this Court to grant a stay pending appeal.  To receive a stay, Appellant must show his likelihood of success on the merits of the appeal.  See Campbell Soup Co. v. Conagra, Inc., 977 F.2d 86, 90-91 (3d Cir. 1992).  This Court, however, has already dismissed the appeal as untimely.  Furthermore, Judge Ferguson previously denied Appellant's request for a stay of the bankruptcy proceedings pending appeal because he could not show his likelihood of success on the merits.  See Cole Transcript, Bankruptcy Case No. 03-26318-KCF, May 9, 2005, at 31; see also Campbell Soup, 977 F.2d at 90-91.  Therefore, this Court will deny Appellant's motion for a stay.

---

proposed order.  Therefore, he had proper notice that an order approving the settlement was forthcoming.

  Nevertheless, Appellant does not dispute that the order was signed and docketed on January 5, 2005.  Appellant offers no justification for why he failed to act diligently and file a timely notice of appeal from this order.

**III.     CONCLUSION**

For the reasons stated herein, Appellant's motion for reconsideration of this Court's May 24, 2005 Order dismissing his appeal is denied.  Appellant's motion for a stay pending appeal is also denied.  An appropriate form of order accompanies this Memorandum Opinion.


    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.